**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**Saul Torres-Lebron,**

    Petitioner

    v.

**United States of America,**

    Respondent.

CIVIL NO. 17-1468 (PG)
Related Crim. No. 98-066 (PG)

## **OPINION AND ORDER**

Before the court is petitioner Saul Torres-Lebron's ("Petitioner" or "Torres-Lebron") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Docket No. 1) and the United States' (or the "government") opposition thereto (Docket No. 13). For the reasons explained below, the court **DENIES** Petitioner's motion to vacate.

### **I. Background**

On April 21, 1998, a grand jury returned a three-count indictment charging Torres-Lebron with violations concerning a carjacking incident. See Crim. No. 98-066 (PG) (hereinafter "Crim."), Crim. Docket No. 12. After pleading guilty to two of the counts against him, Torres-Lebron plead guilty to aiding and abetting a carjacking resulting in death, in violation of 18 U.S.C. § 2119(3) ("Count One"), and possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) ("Count Two"). See Crim. Docket No. 93. On July 9, 1999, the court sentenced Torres-Lebron to be imprisoned for a total term of 324 months - 264 months on Count One, plus a consecutive 60-month sentence on Count Two. See Crim. Docket No. 105.

### **II. Legal Standard**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral

attack." 28 U.S.C § 2255(a); Hill v. United States, 368 U.S. 424, 426-427 (1962); Ellis v. United States, 313 F.3d 636, 641 (1st Cir. 2002).

### III. Discussion

On April 10, 2017, Torres-Lebron filed the pending motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. See Docket No. 1. In his petition, Torres-Lebron claims that the court must vacate his Section 924(c) convictions because: (1) Section 924(c)'s residual clause is unconstitutionally vague after Johnson v. United States, 135 S.Ct. 2551 (2015); and (2) his carjacking convictions fail to categorically qualify as crimes of violence under the statute's force clause. See Docket No. 1 at pp. 2-14. In support of his arguments, Torres-Lebron contends that a carjacking which results in death does not necessarily require physical force. See Docket No. 1 at 12. Additionally, Torres-Lebron avers that intimidation does not amount to the use, attempted use, or threatened use of "violent force," and that aiding and abetting does not require "violent force." Id. at pp. 12-13.

The government submits these claims fail because: (1) the First Circuit has determined that carjacking is a crime of violence under Section 924(c)'s force clause; and (2) the court has already rejected the argument that aiding and abetting does not require "violent force." See Docket No. 13 at pp. 1-2. The court agrees.

The First Circuit has held that carjacking *does* categorically qualify as a crime of violence. See United States v. Cruz-Rivera, No. 16-1321, 2018 WL 4378173, at *2 (1st Cir. Sept. 14, 2018) (holding that carjacking is a crime of violence under Section 924(c)'s force clause). Thus, the Supreme Court's Johnson ruling does not support Torres-Lebron's claim. Furthermore, this district court has rejected that aiding and abetting does not require "violent force." See Cruz-Arboleda v. United States, Civil No. 16-2216 (PG), 2018 WL 3031480 at *3 (D.P.R. June 14, 2018) (citing United States v. Mitchell, 23 F.3d 1, 3 (1st Cir. 1994)) (holding that aiding and abetting the commission of a crime of violence is a crime of violence itself).

As to Torres-Lebron's contention that the use of physical force is not necessary for death to occur as a result of a carjacking offense, the court finds this claim meritless. The Supreme Court has held that intentionally causing physical injury—or death in this case—necessarily involves the use of physical force. See United States v. Castleman, 134 S. Ct. 1405, 1414 (2014) (holding that the knowing or intentional causation of bodily injury necessarily involves the use of physical force). As such, death as a result of a carjacking under Section 2119 qualifies under Section 924(c)'s "force clause." See Cruz-Arboleda, 2018 WL 3031480 at *2 (citing Castleman, 134 S. Ct. at 1414) (holding that death as a result of a carjacking under § 2119 qualifies under Section 924(c)'s "force clause").

Consistent with the above-cited decisions, the court finds Torres-Lebron's claims are meritless.

### IV. Conclusion

Based on the above, the court finds that petitioner's request for habeas relief under 28 U.S.C. § 2255 (Docket No. 1) is **DENIED AND DISMISSED WITH PREJUDICE.**

### V. Certificate of Appealability

It is further ordered that no certificate of appealability should be issued in the event that the petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, October 16, 2018.

S/ JUAN M. PÉREZ-GIMÉNEZ
**JUAN M. PEREZ-GIMENEZ
SENIOR U.S. DISTRICT JUDGE**